[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this habeas corpus action, Petitioner claims that despite the elimination of good time credit pursuant to the adoption of C.G.S. §18-100d and the ruling of the Connecticut Supreme Court on that issue inVelez v. Commissioner of Corrections, 250 Conn. 536, 539 (1999) he is still entitled to good time credit for his incarceration prior to sentencing, commonly known as pre-sentence good time. He claims that the passage of the aforementioned section affects only loss of good time credits following conviction. As promised, this Court reviewed the decision in Velez v. Commissioner, supra, and concludes that the elimination of good time credits applies to pre-sentence good time credits as well.
In Velez the Commissioner of Corrections . . . "did not credit the Petitioner for prison good time pursuant to Section 18-7a(c),pre-sentence jail good time pursuant to Section 18-98d(b), or seven day work week good time pursuant to Section 18-98a." (Emphasis added). The Supreme Court reviewed the legislative history of C.G.S. § 18-100d and stated:
 "By its terms, therefore, Section 18-100d indicates that the legislature intended that the good time statutes — statutes that operate to release inmates and persons granted community placement from CT Page 3718 the authority of the department and to release parolees from the authority of the board after completion of only a portion of their court-imposed sentences — no longer be applicable to persons convicted of crimes committed on or after October 1, 1994." Id. 544.
In the case at bar the Petitioner's crime for which he was convicted was pursuant to an arrest on January 31, 1998.
The Petitioner should note that the trial court in Velez did not credit the Petitioner for pre-sentence jail good time pursuant to Section18-98d(b). This judgment was affirmed by the State Supreme Court in Velezv. Commissioner, supra. The Petitioner will also note the Syllabus at the beginning of the decision by the Supreme Court which says, inter-alia:
 "The Petitioner claimed that his release date would have been April, 1997 had he received statutory credit for prison good time (Section 18-7a[c]), pre-sentence jail good time (Section 18-98d[b]) . . ." (emphasis added).
The habeas court, however, determined that pursuant to Section 18-100d
the Petitioner is not entitled to good time credits, and it dismissed the petition.
 "In the petitioner's appeal, held that, in light of the language and legislative history of Section 18-100d
and the legislature's apparent awareness of and acquiescence in an interpretation given to that statute by the Attorney General and the Commissioner, Section 18-100d renders the good time statutes (18-7, 18-7a[c], 18-98a, 18-98b and 18-98d [b]), inapplicable to persons, like the petitioner, sentenced to terms of imprisonment for crimes committed on or after October 1, 1994." (Emphasis added). Id. 536.
At the end of its decision the Supreme Court stated as follows:
 "On the basis of the language and legislative history of Section 18-100d, and of the legislature's apparent awareness of, and acquiescence in, the interpretation given to Section 18-100d by the Attorney General and the Commissioner, we conclude that Section 18-100d
renders the good time statutes inapplicable to persons sentenced to a term of imprisonment for crimes CT Page 3719 committed on or after October 1, 1994." Id. 552.
The judgment was affirmed, and it should be noted that the language of the Supreme Court referred to "the good time statutes", plural, which only could be interpreted as meaning all of the good time statutes.
For the foregoing reasons, this petition for habeas corpus is dismissed.
Rittenband, JTR